*John Tukel*

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan

United States of America
v.
Gary Clinton Goler

Case: 2:10-mj-30241
Judge: Unassigned,
Filed: 06-18-2010 At 12:21 PM
USA V. GOLER (COMPLAINT) (MRM)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 17, 2010 _____ in the county of _____ Saint Clair _____ in the
_____ Eastern _____ District of _____ Michigan _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 (a)(1)(A)(ii) | Alien Smuggling |

This criminal complaint is based on these facts:

Did knowingly and in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transport or move or attempt to transport or move such aliens within the United States by means of transportation or otherwise, in furtherance of such violation of law, all in violation of 8USC 1324(1)(A)(ii).

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Bradley Andrews, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 06/18/2010 _____

City and state: _____ Detroit, MI _____

_____
*Judge's signature*
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

AFFIDAVIT

1. I, Bradley Andrews, am currently employed by the Department of Homeland Security, U.S. Border Patrol as a Border Patrol Agent in Marysville, Michigan. I have been an Agent with the Border Patrol since November 2003. I know the following to be true through personal knowledge and investigation.

2. The information in this affidavit is presented for the limited purpose of establishing probable cause. This affidavit, therefore, may not contain all of the information gathered during this investigation.

3. On June 17, 2010 at approximately 1550 hrs the Marysville Border Patrol Station received a call from the Clay Township Police dispatch. Their dispatch was receiving phone calls from a resident on Harsen's Island who witnessed an Arabic male being dropped off by a boat from the St. Clair River. Clay Township stated that the individual was walking down the road from Orchid Road towards the Sans Souci restaurant. The subject was reportedly wearing all blue and carrying a duffle bag. Harsen's Island is an island in the middle of the St. Clair River. The St. Clair River is the International Boundary between the United States and Canada. Harsen's Island does not have an International Port of Entry and is frequently used by smugglers to bring contraband and people into the United States from Canada. Clay Township reported that the subject was picked up by a blue pickup truck and was headed towards the Harsen's Island ferry. Clay Township Police Department was able to locate the vehicle and conducted a vehicle stop on the truck based on the suspicious activities of the truck. Agent John Horodysky responded to a vehicle stop conducted by the Clay Township Police Department concerning the reported individual.

4 Agent Horodysky came to assist the Clay Township Police Department on the vehicle stop and talked to an Arabic male wearing all blue clothing that was present in the blue truck. The subject was indentified as Eyal Aharoni DOB 4/7/1972, and stated he was a citizen of Israel. The subject stated that just crossed the International Boundary and did not have valid documents to allow for his legal presence in the United States. The driver, Gary Clinton Goler DOB 7/25/1956 stated that he was a US citizen, the passenger Monia Hardy, DOB 8/19/1984 stated she was a US citizen. All subjects were taken into custody and transported to the Marysville Border Patrol Station for further questioning and processing.

5. An interview of Monia Hardy, after being advised of his Miranda Rights and waiving same, conducted by Lead Intelligence Agent Douglas Goff, ICE Special Agent Greg Abair, and Border Patrol Agent Bradley Andrews revealed the following:

Hardy stated that her dad offered for her to ride along with him to Harsen's Island. Hardy stated that she knew he was there to pick someone up. This was her first time on the island. Hardy said they were driving around on the island for about forty minutes. At that point, Hardy stated that she saw a man jump out of a blue Chevrolet Suburban and ran to their pickup truck panicking. Hardy said the man got in their pickup after her dad said he would give the man a ride. Hardy stated that her father made and received several calls on the way to Harsen's Island and while on the island. Hardy stated that their pickup soon pulled over by the Clay Township Police Department after Aharoni got in their truck.

6. An interview of Gary Goler, after being advised of his Miranda Rights and waiving same, conducted by Lead Intelligence Agent Douglas Goff, ICE Special Agent Greg Abair, and Border Patrol Agent Bradley Andrews revealed the following:

Gary Goler stated was willing to answer questions at this time. Goler stated that he went to Harsen's Island to pick up a person. Goler said he was paid $100 yesterday through Western Union to pick up an unknown individual today. Goler expected to get more money today from the person he picked up when they reached their destination. Goler stated he met a man he only knew as "the Chief" while fishing on West Grand Boulevard in Detroit near the Ambassador bridge. At that time, Goler said they discussed picking people up after they had been smuggled from Canada. Goler stated that he was willing to do it. Goler met "Chief" around two months ago and has spoken to him only on the telephone since. Goler stated he received a phone call two or three days ago about picking a person up for "Chief". Goler was told that he would be picking up a little guy wearing all blue, including a blue hat. Goler got lost on the island and was not able to immediately find Aharoni. Goler later saw Aharoni jump out of a moving Blue Suburban and run towards his truck. Aharoni jumped in the back of the pickup and told Goler to move quick. Goler stated that he spoke with "Chief", via cell phone a few times today, and that "Chief" told him where to pick up the smuggled alien alongside the road. Goler stated that he did it for the money and because he thought it was only a misdemeanor.

7. An interview of Eyal Aharoni conducted by Lead Intelligence Agent Douglas Goff, ICE Special Agent Greg Abair, and Border Patrol Agent Bradley Andrews revealed the following:

Aharoni said that he flew from Israel to Canada beginning yesterday in attempt to illegally enter the United States so he could travel to Las Vegas to visit with his sick father. Aharoni stated that he has family in Las Vegas that made the arrangements with a man in Canada. Aharoni was picked up by a man that was named either Alex or Moses when he arrived at the airport in Toronto. This man drove Aharoni to an area close to the United States and Canadian border. At that point, Aharoni met two Native Americans that brought Aharoni across the St. Clair River in their boat. Aharoni was told that a black man in a blue pickup would pick him up on the United States side and drive him to the airport. Aharoni claimed that he did not pay anything, but that his family's friend in the Jewish community took up a collection in Las Vegas that was paid to the smugglers. Aharoni did not know how much was paid. When Aharoni could not find the blue pickup that was supposed to pick him up, he decided to get in a blue Ford Suburban that offered him a ride. When Aharoni saw the blue pickup, he jumped out of the moving Suburban and ran over the the blue pickup.

8. Based on the foregoing, the affiant has probable cause to believe that Gary Coler in violation of 8 USC 1324(a)(1)(A)(ii), did knowingly and in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transport or move or attempt to transport or move such aliens within the United States by means of transportation or otherwise, in furtherance of such violation of law, all in violation of 8USC 1324(a)(1)(A)(ii).

That further affiant sayeth not.

2

Bradley Andrews
Border Patrol Agent

Sworn to before me and subscribed in my presence on this 18th day of June 2010.

U.S. Magistrate Judge
Detroit, Michigan
June 18, 2010

3